UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KEITH LABRONZO SWIFT,

    Plaintiff,

    Case No. 1:17-cv-854

v.

    Honorable Gordon J. Quist

ADAM ELDEMAN et al.,

    Defendants.
_____/

## **OPINION**

    This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's claims for violation of the Due Process Clause and the Equal Protection Clause. The Court will serve the complaint against Defendants Adam Eldeman and Corizon Medical Services for violation of the Eighth Amendment because of Defendants' deliberate indifference to Plaintiff's serious medical need.

**Discussion**

I. <u>Factual allegations</u>

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. Plaintiff sues Dr. Adam Eldeman and Corizon Medical Services.

Plaintiff alleges that he underwent colostomy surgery on June 2, 2011, to address an intramural abscess. He claims the colostomy was to be reversed three months later. Two months after the colostomy, he requested the reversal, but Defendant Dr. Eldeman refused to approve the procedure because, Plaintiff alleges, Defendant Corizon Medical Services has a policy to avoid such expensive surgeries. Plaintiff alleges that Dr. Eldeman has refused subsequent requests for the surgery as well on the ground that it is not medically necessary. Plaintiff contends that the failure to reverse the colostomy is compromising his gastrointestinal function and has caused him pain and suffering.

Plaintiff seeks a declaration that Defendants' conduct violates the Eighth Amendment's prohibition of cruel and unusual punishment, monetary damages, and injunctive relief compelling Defendants to approve the surgery.

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

    A.    <u>Eighth Amendment</u>

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such

care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id*. at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Plaintiff has adequately alleged that Defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

### B. Due process and equal protection

Plaintiff also makes passing reference to the due process and equal protection guarantees of the Fourteenth Amendment. (Compl., ECF No. 1, PageID.7) ("The acts and omissions, coupled with the acts of commissions by both Defendants as set forth above, collectively, constitutes a denial of fundamental due process of law, equal protection of the law and a right to be free of cruel and unusual punishment . . . ."). Plaintiff offers no distinct factual basis to support either claim. He simply parrots the terms "due process" and "equal protection." While a complaint need not contain detailed factual allegations, plaintiff's allegations regarding due process and equal protection fall short of the detail required by Rule 8(a)(2), *Twombly*, 550 U.S. at 544, and *Iqbal*, 556 U.S. at 662. Because Plaintiff offers nothing more than labels or conclusions with respect to his due process and equal protections claims, he has failed to state those claims.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's due process and equal protection claims will be dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Adam Eldeman and Corizon

Medical Services with respect to Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical need.

An Order consistent with this Opinion will be entered.

Dated: November 3, 2017        /s/ Gordon J. Quist
                              GORDON J. QUIST
                         UNITED STATES DISTRICT JUDGE