UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH SWIFT,

        Plaintiff,                                Hon. Gordon J. Quist

v.                                                Case No. 1:17-CV-854

ADAM ELDEMAN, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Motion for a Temporary Restraining Order</u>. (ECF No. 10). Plaintiff initiated this action alleging that he was being denied appropriate medical treatment in violation of his Eighth Amendment rights. Plaintiff now moves the Court for a preemptive Order "to prevent his transfer outside the jurisdiction of the Court and from the Lakeland Correctional Facility in Coldwater, Michigan pending this litigation." Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**.

Injunctive relief is "an extraordinary remedy which should be granted only if. . .the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary

injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). Rather than prerequisites which must each be satisfied, the relevant factors, none of which are dispositive, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

As noted above, Plaintiff moves the Court for a preemptive Order "to prevent his transfer outside the jurisdiction of the Court and from the Lakeland Correctional Facility in Coldwater, Michigan pending this litigation." Plaintiff advances two arguments in support of his motion: (1) he is receiving treatment for Hepatitis-C which "will continue for at least 84 days without breaking a daily cycle of that treatment plan" and (2) he "is being assisted with his civil action by another prisoner at the [LCF] facility and a transfer at this time would thwart his ability to continue this litigation in a proper fashion."

First, Plaintiff has no right to be housed in any particular correctional facility. *See, e.g., Williams v. Lindamood*, 2013 WL 1978464 at *4 (6th Cir., May 15, 2013). Second, Plaintiff does not allege that his transfer is imminent or even contemplated or that a transfer would interfere with his Hepatitis-C treatment or deprive him of the right of access to the courts. *See, e.g., Welch v. Brown*, 551 Fed. Appx. 804, 812-13 (6th Cir., Jan. 3, 2014) (injunctive relief inappropriate unless alleged harm is "both certain and immediate, rather than speculative or theoretical"); *Grant v. Hatchett*, 2009 WL 467569 at *2 (E.D. Tenn., Feb. 23, 2009) ("[m]ere speculation of possible harm is insufficient to state a claim for injunctive relief"); *Robbins v. Payne*, 2012 WL 3584235 at *3 (E.D. Mich., July 9, 2012) ("[i]njunctive relief should not issue where the claimed irreparable damage is

speculative or may never occur"). Plaintiff's motion is premised entirely upon speculation. In sum, none of the aforementioned factors weigh in favor of Plaintiff's request. Accordingly, the undersigned recommends that Plaintiff's motion be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for a Temporary Restraining Order, (ECF No. 10), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: February 6, 2018          /s/ Ellen S. Carmody
                                 ELLEN S. CARMODY
                                 U.S. Magistrate Judge