IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

Keith Swift, #202475

    Plaintiff,

v.

Edelman, et al.

    Defendants.

Case No: 1:17-cv-00854
District Judge: Gordon J. Quist
Magistrate Judge: Ellen S. Carmody

---

| | |
|---|---|
| KEITH SWIFT, #202475<br>Lakeland Correctional Facility<br>141 First St.<br>Coldwater, MI 49036<br>*Pro Se Plaintiff* | CHAPMAN LAW GROUP<br>Ronald W. Chapman Sr., M.P.A.,<br>LL.M. (P37603)<br>Carly Van Thomme (P59706)<br>Attorneys for Defendants Corizon Medical Service<br>and Adam Edelman, M.D.<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>rchapman@chapmanlawgroup.com<br>cvanthomme@chapmanlawgroup.com |

**QUALIFIED PROTECTIVE ORDER AND MOTION TO SEAL EXHIBIT B TO DEFENDANTS' CORIZON MEDICAL SERVICE AND ADAM EDELMAN, M.D.'S MOTION FOR SUMMARY JUDGMENT**

This case is before the Court on the Motion of Defendants CORIZON MEDICAL SERVICE and ADAM EDELMAN, M.D. ("Defendants") for a Qualified Protective Order and Motion to Seal in compliance with W.D. Mich. L.R. 10.6(b), as well as the Health Insurance and Portability and Accountability Act of 1996, U.S. P.L. 101-191 (August 21, 1996) and 45 C.F.R. 164.508 ("HIPAA"). The Court finds that:

(1) The Defendants obtained Plaintiff's medical records subject to a Release signed by Plaintiff.

(2) Defendants, pursuant to HIPAA (the Health Insurance Portability and Accountability Act) 42 U.S.C. §§ 1320d to d-8, have extracted from those records those portions minimally necessary to support their Motion for Summary Judgment.

(3) The Defendants' use of these records in the defense of this lawsuit is appropriate in light of Plaintiff's claim that Defendants violated his constitutional rights concerning the provisions of medical care in the above-styled case and Defendants properly obtained these records with Releases from Plaintiff where necessary. The need for these records outweighs the potential injury to Plaintiff.

(4) Information contained in the medical records relates to the Plaintiff's medical conditions and care and is not otherwise available.

(5) In the interests of allowing the use of these records without the risk of their disclosure to the public and so that all parties may be compliant with HIPAA, Defendant requests that such records be filed under seal.

Good cause having been shown, the **COURT HEREBY ORDERS AS FOLLOWS**:

(a) The parties to this action and their counsel shall maintain the confidentiality of Plaintiff's extracted medical records and restrict use, discussion and release of such medical records to solely the purposes of this litigation and as may be further authorized by this court or as otherwise permissible under federal law.

(b) The parties to this action, and their counsel, shall either destroy or return to the Defendant or their counsel, all copies of the Plaintiff's medical record within thirty (30) days of the conclusion of this case, including the exhaustion of any appeals filed.

(c) The Plaintiff's medical records or any portion submitted into evidence in this litigation—Exhibit B to Defendants' Motion for Summary Judgment—shall be permanently sealed and not available for public scrutiny.

IT IS SO ORDERED.

Dated this __26__ day of __March__, 2018.

                                         /s/ Ellen S. Carmody
                                         ELLEN S. CARMODY
                                         United States Magistrate Judge