UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH SWIFT #202475,

    Plaintiff,                                       Hon. Gordon J. Quist

v.                                                    Case No. 1:17-cv-854

ADAM EDELMAN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>. (ECF No. 18). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this action **terminated**.

## BACKGROUND

Plaintiff initiated this action on September 20, 2017, against Corizon Medical Service and Dr. Adam Edelman alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment. (ECF No. 1). Specifically, Plaintiff alleges that on June 2, 2011, he underwent colostomy surgery to treat an abscess. Plaintiff alleges that Defendant Edelman refused subsequent requests to reverse the colostomy procedure. Plaintiff further alleges that Defendant Corizon violated his rights by operating pursuant to a policy "to save money." Plaintiff also asserted due process and equal protection claims which were dismissed on screening. Defendants now move for summary judgment. Plaintiff has failed to respond to Defendants' motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.      Defendant Edelman**

Defendant Edelman argues that he is entitled to relief on the ground that Plaintiff's claims against him were not timely asserted. When determining the limitations period applicable in a § 1983 action, courts must borrow the statute of limitations which governs personal injury actions in the state in which the § 1983 action was initiated. *See Owens v. Okure*, 488 U.S. 235, 239-41 (1989); *Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009). Where the relevant state law provides multiple statutes of limitation for personal injury actions, courts are to apply the "general or residual statute for personal injury actions." *Okure*, 488 U.S. at 249-50; *Bonner*, 564 F.3d at 430. Michigan law articulates multiple statutes of limitation applicable to personal injury actions. *See* Mich. Comp. Laws § 600.5805. Accordingly, the limitations period applicable in the present action is three years,

3

as articulated in Mich. Comp. Laws § 600.5805(10).  *See Hardin v. Straub*, 490 U.S. 536, 540 (1989); *Jones v. City of Hamtramck*, 905 F.2d 908, 909 (6th Cir. 1990); *Jones v. City of Allen Park*, 167 Fed. Appx. 398, 407 (6th Cir., Jan. 3, 2006).[1]

While the Court looks to state law to identify the applicable statute of limitations, federal law must be applied when determining when the relevant limitations period begins to run.  *See Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003); *Hebron v. Shelby County Government*, 406 Fed. Appx. 28, 30 (6th Cir., Dec. 22, 2010).  Under federal law, the statute of limitations begins to run "when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500-01 (6th Cir. 2001); *Ohio Midland, Inc. v. Ohio Dept. of Transp.*, 286 Fed. Appx. 905, 911 (6th Cir., July 1, 2008).   A plaintiff has reason to know of his injury when he "should have discovered it through the exercise of reasonable diligence."  *Dotson v. Lane*, 360 Fed. Appx. 617, 619 n.2 (6th Cir., Jan. 5, 2010).

Defendant Edelman has submitted evidence that he "had no involvement with [Plaintiff] or his medical care subsequent to February 12, 2012", the date on which he left his position with Corizon Health.   (ECF No. 18-1 at PageID.95-96).   Plaintiff has failed to respond to Defendant's motion and, therefore, has failed to identify any evidence which undermines or contradicts this particular assertion.  *See* Fed. R. Civ. P. 56(c)(3) (when resolving a motion for summary judgment, "the court need consider only the cited materials"); *Shreve v. Franklin County, Ohio*, 743 F.3d 126, 136 (6th Cir. 2014) ("Rule 56(c) of the Federal Rules of Civil Procedure requires a party to 'go beyond the pleadings' and identify admissible evidence of the essential elements of his claim"); *Moore v. City of Memphis*, 2016 WL 1261177 at *3 (W.D. Tenn., Mar. 20, 2016) (when

---

[1] The *Hardin* and *City of Hamtramck* courts identified the relevant provision as Mich. Comp. Laws § 600.5805(8).   This particular provision is presently codified at Mich. Comp. Laws § 600.5805(10).

4

deciding a motion for summary judgment, "a district court was not obligated to consider any evidence the plaintiff himself did not cite to oppose summary judgment and support his claim").

Defendant argues, therefore, that Plaintiff's cause of action against him arose no later than February 12, 2012. Plaintiff likewise has failed to identify any evidence which undermines or contradicts this assertion. Accordingly, to be timely, Plaintiff's action would had to have been filed no later than February 15, 2015. The limitations period is tolled, however, during the pendency of any efforts by Plaintiff to exhaust administrative remedies. *See Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). Defendant has identified two grievances which Plaintiff pursued concerning the events giving rise to this action. Plaintiff has failed to identify any other grievances which he pursued concerning the allegations in his complaint. Consideration of Plaintiff's two grievances, however, does not alter the outcome.

On January 21, 2014, Plaintiff submitted grievance JCF-14-01-0186-12d3. (ECF No. 18-2 at PageID.108). Plaintiff pursued this matter through all three steps of the grievance process. (ECF No. 18-2 at PageID.105-09). Plaintiff's step III grievance was denied on April 24, 2014. (ECF No. 18-2 at PageID.105). Accordingly, pursuit of this grievance tolled the applicable statute of limitations for 93 days, extending the deadline for filing the present action to May 19, 2015. Plaintiff filed a second grievance concerning this matter on October 31, 2016, however, by this time the statute of limitations had long expired. Thus, this latter grievance cannot serve to toll the statute of limitations. *See, e.g., Herm v. Stafford*, 663 F.2d 669, 683 n.20 (6th Cir. 1981) ("an expansion of the limitations period cannot revive actions which have been barred by the running of the earlier limitations period"); *Dudich v. United Auto Workers Local Union No. 1250*, 454 F.Supp.2d 668, 677 (N.D. Ohio 2006) (same).

5

Plaintiff did not initiate the present action until September 25, 2017, more than two years after the expiration of the statute of limitations. Accordingly, the undersigned recommends that Defendant Edelman's motion for summary judgment be granted.

## II.     Defendant Corizon

Plaintiff's claims against Corizon are untimely for the reasons articulated above. Plaintiff's claims against Corizon are subject to dismissal for another reason as well. Corizon is not vicariously liable for the actions of its employees and, therefore, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)); *Street v. Corr. Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996); *Starcher v. Correctional Medical Systems, Inc.*, 7 Fed. Appx. 459, 465 (6th Cir., Mar. 26, 2001). To establish liability against Corizon, Plaintiff must demonstrate that he suffered a violation of his federal rights "because of" a Corizon policy, practice, or custom. *See Thomas*, 398 F.3d at 429.

To establish the existence of a policy, practice, or custom, Plaintiff must demonstrate the following: (1) the existence of a "clear and persistent pattern" of illegal activity; (2) that Corizon had notice or constructive notice of such; (3) that Corizon tacitly approved of the illegal activity, such that "their deliberate indifference in their failure to act can be said to amount to an official policy of inaction" and (4) that the policy, practice, or custom in question was the "moving force" or "direct causal link" in the constitutional deprivation. *Id.* at 429 (quoting *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996)).

Plaintiff has failed to respond to the present motion and, therefore, has failed to identify any evidence that supports his claims against Defendant Corizon. Accordingly, the undersigned recommends that Defendant Corizon's motion for summary judgment be granted. *See Daniels*, 396

F.3d at 735 (summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (ECF No. 18), be **granted** and this action **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: June 26, 2018    /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge