UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH SWIFT #202475,

    Plaintiff,                                          Hon. Gordon J. Quist

v.                                                                    Case No. 1:17 CV 854

ADAM EDELMAN, et al.,

    Defendants.
_____/

## ORDER

This matter is before the Court on <u>Plaintiff's Motion to Amend Complaint and to Appoint Counsel</u>. (ECF No. 26). For the reasons articulated herein, Plaintiff's motion is **denied**.

## BACKGROUND

Plaintiff initiated this action on September 20, 2017, against Corizon Medical Service and Dr. Adam Edelman alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment. On March 22, 2018, Defendants moved for summary judgment. On June 26, 2018, the undersigned recommended that Defendants' motion be granted. On July 13, 2018, the Court received a pleading from Plaintiff in which he asserted that he was never served with a copy of Defendants' motion for summary judgment. On July 24, 2018, the Honorable Gordon J. Quist issued an Order directing Defendants to again serve a copy of their motion on Plaintiff, after which Plaintiff would be permitted 28 days to respond thereto. Plaintiff has now responded to Defendants' motion for summary judgment. In addition to responding to Defendants' motion, Plaintiff moves the Court to appoint him counsel and permit him to amend his complaint.

## ANALYSIS

A.   Motion to Amend Complaint

Plaintiff seeks to amend his complaint, but has failed to provide the Court with a proposed amended complaint or otherwise describe the nature or substance of his proposed amendments.   Moreover, as the Court articulated in its recent Supplemental Report and Recommendation, Plaintiff's claims are untimely.   Plaintiff has failed to articulate how amending his complaint would overcome this particular legal deficiency.

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a complaint shall be "freely" given "when justice so requires."   The factors relevant when considering a motion to amend include: (1) undue delay in filing, (2) lack of notice to the opposing party, (3) bad faith by the moving party, (4) repeated failure to cure deficiencies by previous amendments, (5) undue prejudice to the opposing party, and (6) futility of amendment.   *See Wade v. Knoxville Utilities Board*, 259 F.3d 452, 458 (6th Cir. 2001).   Plaintiff's request to amend his complaint is untimely, exhibits bad faith, and would be futile.   Accordingly, Plaintiff's motion to amend his complaint is denied.

B.   Motion to Appoint Counsel

Pursuant to 28 U.S.C. § 1915(e)(1), "the court may request an attorney to represent any person unable to employ counsel."   In civil actions, however, the decision to grant such a request is discretionary and is generally allowed only in exceptional cases.   *See Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993) (the decision to deny a civil litigant's request for counsel will be overturned only when the denial of counsel results in "fundamental unfairness impinging on due process rights"); *Johnson v. City of Wakefield*, 483 Fed. Appx. 256, 260 (6th Cir., June 20, 2012) ("appointment of counsel in a civil case "is a privilege that is justified only by exceptional circumstances").

2

When examining requests such as this, courts have generally considered factors such as: (1) whether the action presents a colorable claim for relief, (2) the litigant's ability to investigate crucial facts, (3) whether the nature of the evidence indicates that the truth will more likely be revealed when both sides are represented by counsel, (4) the ability of the litigant to present his case, and (5) the complexity of the legal issues presented.  *See McKeeves v. Israel*, 689 F.2d 1315, 1320-21 (7th Cir. 1982); *Lavado*, 992 F.2d at 605-06.  Consideration of these factors does not weigh in favor of Plaintiff's request.  Accordingly, Plaintiff's motion for the appointment of counsel is denied.

**IT IS SO ORDERED.**


Date:   November 8, 2018                               /s/ Ellen S. Carmody
                                                      ELLEN S. CARMODY
                                                      United States Magistrate Judge